UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04-10561-NG

| | |
|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., ) | |
|    Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **COMPLAINT** |
| ) | |
| STEALTH WINDOWS, INC. f/k/a STEALTH WINDOWS ) | |
| OF MASSACHUSETTS, INC. and FIDELITY AND ) | |
| GUARANTY INSURANCE CO., ) | |
|    Defendants. ) | |

This Amended Complaint is filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The sole amendment is the change of the name of the Defendant Stealth Windows Of Massachusetts, Inc. to Stealth Windows, Inc. f/k/a Stealth Windows Of Massachusetts, Inc.

## INTRODUCTION

The Plaintiff Graham Architectural Products Corp. ("Graham") brings this Amended Complaint seeking money damages for breach of contract and quantum meruit in connection with the failure of the Defendant Stealth Windows, Inc. f/k/a Stealth Windows Of Massachusetts, Inc. ("Stealth") to perform in accordance with that certain written agreement between Graham and Stealth and in connection with the failure of the Defendant Fidelity And Guaranty Insurance Co. ("Fidelity") to perform in accordance with that certain labor and material payment bond issued by Fidelity on behalf of Stealth. In support thereof, Graham states as follows:

## JURISDICTION AND VENUE

Graham is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and having its principal place of business in the Commonwealth of Pennsylvania. The Defendant Stealth is a Massachusetts corporation with a principal

place of business at 11 Huntley Lane, Lincoln, Middlesex County, Massachusetts. The Defendant Fidelity is a surety company authorized to do business in Massachusetts with a place of business at 385 Washington Street, MC 514C, St. Paul, Minnesota. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Venue is properly placed in this Court as the events giving rise to this claim occurred in this district and the Defendant Stealth is located herein.

### PARTIES

1. The Plaintiff Graham is a Pennsylvania business corporation with a principal place of business at 1551 Mount Rose Avenue, York, Pennsylvania.

2. The Defendant Stealth is a Massachusetts corporation with a principal place of business at 11 Huntley Lane, Lincoln, Middlesex County, Massachusetts.

3. The Defendant Fidelity is a surety company authorized to do business in Massachusetts with a place of business at 385 Washington Street, MC 514C, St. Paul, Minnesota.

### FACTS

4. Hodess Building Co., Inc. ("Hodess"), as general contractor, and the Town of Plainville ("Town"), as owner, entered into a public construction contract for the project known as the New Wood Elementary School in Plainville, Massachusetts ("Project").

5. Hodess, in furtherance of its contract with the Town, entered into a subcontract with Stealth ("Subcontract").

6. Stealth furnished Hodess with a labor and materials payment bond issued by Fidelity ("Fidelity Bond") guaranteeing payment of all Stealth's subcontractors and suppliers who furnished labor, materials and/or equipment used or employed in the Project.

7. In furtherance of its Subcontract with Hodess, Stealth entered into a contractual relationship ("Subcontract") with Graham wherein Graham furnished labor, materials and equipment used or employed in construction of the Project.

8. The Subcontract price was $119,000.00.

9. To the extent permitted, Graham has performed every condition of the Subcontract.

10. The sum of $87,712.33 remains due and owing to Graham for materials fabricated and supplied to the Project.

11. On December 1, 2003 and February 18, 2004, Graham made demand upon Stealth and Fidelity.

12. Despite demand, Stealth and Fidelity have failed and refused to pay.

13. All conditions precedent to the maintenance of this action have been performed.

### COUNT I – BREACH OF CONTRACT
### STEALTH/FIDELITY

14. Graham realleges the allegations contained in paragraphs 1 through 8 above as if fully set forth herein.

15. Graham furnished the requested labor, materials and equipment to Stealth which were used or employed in construction of the Project.

16. Stealth failed, without legal excuse, to pay for the labor, materials and equipment furnished by Graham.

17. Graham realleges the allegations contained in paragraphs 9 through 13 above as if fully set forth herein.

WHEREFORE Graham demands judgment against Stealth and Fidelity, jointly and severally, for $87,712.33 plus interest and costs.

## COUNT II – QUANTUM MERUIT
### STEALTH/FIDELITY

18. Graham realleges the allegations contained in paragraphs 1 through 8 above as if fully set forth herein.

19. Stealth requested Graham provide labor, materials and equipment.

20. Pursuant to Stealth's request, Graham substantially furnished in good faith the labor, materials and equipment requested by Stealth

21. The fair and reasonable value of Graham' labor, materials and equipment used or employed in construction of the Project which remains unpaid is $87,712.33.

22. Graham realleges the allegations contained in paragraphs 9 through 13 above as if fully set forth herein.

WHEREFORE Graham demands judgment against Stealth and Fidelity, jointly and severally, for $87,712.33 plus interest and costs.

GRAHAM ARCHITECTURAL
PRODUCTS CORP.
By its attorneys,

Date: 04/27/04

Francis A. Shannon, III, Esq.
BBO # 560651
Steven Shane Smith, Esq.
BBO # 630713
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA  02114
(617) 263-1313

4

Of counsel:

Mark A. Rosen, Esq.
Inactive Status
McElroy, Deutsch & Mulvaney
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100

3007:001:amendcomplaint