UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEALTH WINDOWS, INC. f/k/a STEALTH WINDOWS OF MASSACHUSETTS, INC., and FIDELITY AND GUARANTY INSURANCE CO., <br><br> Defendants. | CIVIL ACTION NO. 04-01561-NG |

## DEFENDANT FIDELITY AND GUARANTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Fidelity and Guaranty Insurance Company ("FGIC" or the "Defendant") states that the Introduction does not contain factual allegations to which a response is required. The Defendant specifically denies any liability on its part. FGIC, for its answer to the Plaintiff Graham Architectural Products Corp.'s ("Graham") Amended Complaint responds as follows:

### JURISDICTION AND VENUE

FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the Jurisdiction and Venue section in the Plaintiff's Amended Complaint.

FGIC admits that Stealth is a Massachusetts corporation with its principal place of business at 11 Huntley Lane, Lincoln, Middlesex County, Massachusetts.

FGIC admits that it is an Iowa corporation with its principal place of business in Baltimore, Maryland.

FGIC admits the allegations are in excess of $75,000.

The last sentence of the Jurisdiction and Venue section states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations contained in this sentence.

## PARTIES

1. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2. FGIC admits that Stealth is a Massachusetts corporation with its principal place of business at 11 Huntley Lane, Lincoln, Middlesex County, Massachusetts.

3. FGIC admits that is an Iowa corporation with its principal place of business in Baltimore, Maryland.

## FACTS

4. FGIC admits that Hodess Building Co., Inc. ("Hodess") entered into a public construction contract with the Town of Plainville ("Town"); and in further answering, FGIC states that the contract is a written document which is self-explanatory.

5. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. FGIC admits that it issued a payment bond on behalf of Stealth Windows, Inc. f/k/a Stealth Windows of Massachusetts, Inc. ("Stealth"), as principal; and in further answering, FGIC states that the bond is a written document which is self-explanatory. FGIC denies the allegations in paragraph 6 of the Complaint to the extent that they contradict, modify or characterize the terms of the bond.

7. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Paragraph 9 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 9 of the Amended Complaint.

10. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. FGIC admits that it received a letter dated February 18, 2004. This letter is a written document which is self-explanatory. In further answering, FGIC denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. FGIC denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Paragraph 13 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 13 of the Amended Complaint.

## COUNT I – BREACH OF CONTRACT
## STEALTH/FIDELITY

14. FGIC hereby incorporates by reference its answers to paragraphs 1 through 13 above as if fully stated herein.

15. Paragraph 15 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 15 of the Amended Complaint.

16. Paragraph 16 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 16 of the Amended Complaint.

17. FGIC hereby reaffirms and realleges its answers to paragraphs 1 through 16 above as if fully stated herein.

## COUNT II – QUANTUM MERUIT
## STEALTH/FIDELITY

18. FGIC hereby incorporates by reference its answers to paragraphs 1 through 17 above as if fully stated herein.

19. Paragraph 19 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 19 of the Amended Complaint.

20. Paragraph 20 states a conclusion of law to which no response is required. To the extent an answer is required, FGIC denies the allegations in paragraph 20 of the Amended Complaint.

21. FGIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22. Paragraph 22 states a conclusion of law to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

The allegations contained in the Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted against FGIC and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff may not recover from FGIC because the Plaintiff materially breached the contract and the bond.

## THIRD AFFIRMATIVE DEFENSE

If the Plaintiff suffered any loss or damage, which FGIC denies, such loss or damage was sustained due to the Plaintiff's own acts, omissions and errors or the acts, omissions and errors of the persons or entities of whom FGIC does not bear any liability.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs claims against FGIC are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs claims against FGIC are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

FGIC hereby asserts and incorporates all defenses available to its principal, Stealth Windows of Massachusetts, Inc.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the statute of limitation provisions in the bond.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff failed to satisfy the conditions precedent and other requirements of the bond.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has waived its rights under the bond.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or limited because the Plaintiff failed to mitigate its damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to do the work in a good workmanlike manner and is, therefore, defective.

### TWELFTH AFFIRMATIVE DEFENSE

FGIC has the right of the set-off and/or recoupment.

          Respectfully Submitted,
          Fidelity and Guaranty Insurance Co.,
          By its attorneys,

          Bradford R. Carver, BBO# 565396
          Paula-Lee Chambers, BBO# 566888
          CETRULO & CAPONE LLP
          Two Seaport Lane, 10th Floor
          Boston, MA 02210
          (617) 217-5500

Dated: May 5, 2004

### CERTIFICATE OF SERVICE

I, Paula-Lee Chambers, hereby certify that on this 5th day of May, 2004, I caused to be served the foregoing document by U.S. First-Class Mail to:

          Francis A. Shannon, III, Esquire
          Steven Shane Smith, Esquire
          Shannon Law Associates, Inc.
          One Bowdoin Square, 9th Floor
          Boston, MA 02114

          Paula-Lee Chambers, BBO#566888

01037-0064
327374v1